UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER L. SAMPSON,<br><br>　　　　　Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent-Plaintiff. | Case No.: 18-CR-2095-GPC<br>Related Case No. 22-CV-0187-GPC<br><br>**ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255** |

On February 8, 2022, Petitioner, Sylvester L. Sampson ("Petitioner"), a federal prisoner proceeding *pro se,* moved for relief under 28 U.S.C. § 2255, alleging a failure by the Federal Bureau of Prisons ("BOP") to apply time credits earned under the First Step Act ("FSA") as codified in 18 U.S.C. § 3621 and 18 U.S.C. § 3632. (Dkt. No. 124.) On March 3, 2022, the United States ("Government") filed a Response to Petitioner's § 2255 Motion to Vacate. (Dkt. No. 129.). In its Response, the Government argued that Petitioner challenges the sentence's execution rather than the sentence's legality and must thus proceed under 18 U.S.C. § 2241. (*Id.*)

For the following reasons, the Court denies and dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

# I. BACKGROUND

In May 2018, Petitioner pleaded guilty to harboring aliens in violation of 8 U.S.C. § 1324. (Dkt. Nos. 51, 54.) This Court sentenced Petitioner to 18 months under the BOP's custody followed by three years of supervised release. (Dkt. No. 62.) Upon release, Petitioner violated the terms of his probation a number of times which resulted in numerous revocations. On September 21, 2021, this Court revoked supervised release and sentenced Petitioner to 11 months' custody with no supervised release to follow. (Dkt. No. 123.) Petitioner is currently housed at United States Penitentiary ("USP") Lompoc. (Dkt. No. 124.)

On February 9, 2022, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 based on the BOP's alleged failure or refusal to apply FSA Time Credits to reduce his sentence. (Dkt. No. 124.) Petitioner asserted that he participated in eligible programs and earned time credits under the FSA. (*Id.* at 4.[1]) On March 2, 2022, the Government filed a Response to Petitioner's § 2255 petition. (Dkt. No. 129.) Petitioner did not file a reply.

# II. LEGAL STANDARD

**A. Motion Under 28 U.S.C. § 2255**

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v.*

---

[1] Page numbers are based on the CM/ECF pagination.

*Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III. DISCUSSION

**A. The Court Lacks Jurisdiction Over Petitioner's Motion.**

Petitioner challenges the BOP's decision to not apply FSA Time Credits to his sentence. (Dkt. No. 124.) The Government contends that by challenging the application of time credits, Petitioner challenges the execution of his sentence and must proceed under 28 U.S.C. § 2241, not § 2255. (Dkt. No. 129.) The Court agrees with the Government.

Generally, an inmate challenging a sentence's legality must file under 28 U.S.C. § 2255 in the sentencing court, while an inmate challenging the "manner, location, or conditions of a sentence's execution" must file under 28 U.S.C. § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step Act] do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under . . . § 2241."). Courts have "recognized that the United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement." *Melendez v. Wolfe*, No. 3:22-CV-4, 2022 WL 1817757, at *8 (N.D. W. Va. May 4, 2022) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)).

Here, by contesting the BOP's decision to not apply time credits to his sentence, Petitioner challenges his sentence's execution, not his sentence's legality. Therefore, Petitioner must proceed under § 2241 to challenge the BOP's application of FSA Time Credits. However, even if Petitioner proceeds under § 2241, the Court lacks jurisdiction over Petitioner because jurisdiction under § 2241 "lies only in one district: the district of confinement." *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United

States, he should name his warden as respondent and file the petition in the district of confinement."); *Hernandez*, 204 F.3d at 864 (holding that a § 2241 petition must be brought in the custodial court).

Because Petitioner is currently housed at USP Lompoc in the Central District of California, this District is not the district of confinement and the Court does not have jurisdiction over Petitioner's claim under § 2241. Thus, the Court denies and dismisses the petition for lack of jurisdiction.[2]

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES and DISMISSES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated:  June 16, 2022

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] If Petitioner chooses to file a motion under § 2241 in the Central District of California, he must demonstrate he exhausted his administrative remedies prior to filing. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (holding that an inmate "petitioning the federal courts for credit . . . must first exhaust her administrative remedies through the Bureau of Prisons").

In addition, to the extent Petitioner has exhausted his administrative remedies, he must demonstrate that he participated and successfully completed evidence-based recidivism reduction programs or productive activities to earn FSA Time Credits towards his sentence. 18 U.S.C. § 3632(d)(4) ("A prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities shall earn time credits . . . .").